# United States District Court

EASTERN _____ District of _____ PENNSYLVANIA

UNITED STATES OF AMERICA

V.

KEVIN BOWMAN,
a/k/a BLACK

(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 91-00570-08

Thomas R. Quinn, Esq.
Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count(s) __1__
☐ was found guilty on count(s) _____, after a
plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C §846 | Conspiracy to distribute cocaine and heroin. | 1991 | 1 |

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 8/7/92
ATTEST: _Elizabeth M. Burrell_
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984..

☐ The defendant has been found not guilty on count(s) _____,
and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ __50.00__, for count(s)
__1__, which shall be due ☒ immediately  ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: __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__

Defendant's Date of Birth: __April 17, 1965__

Defendant's Mailing Address:

__State Correctional Institution__
__Graterford, PA__

Defendant's Residence Address:

__2214 Natrona Street__
__Philadelphia, PA__

__August 6, 1992__
Date of Imposition of Sentence

_Marvin Katz_
Signature of Judicial Officer

Hon. Marvin Katz, Judge U.S. District
Court for the Eastern District of PA
Name & Title of Judicial Officer

__August 6, 1992__
Date

Defendant:   KEVIN BOWMAN, a/k/a BLACK
Case Number: 91-00570-08

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ____ two hundred thirty-five (235) months ____

The court designates the state institution(s) where defendant is serving his state sentence as the place of confinement for service of this sentence which shall run concurrently with defendant's state sentence.

☐ The court makes the following recommendations to the Bureau of Prisons:

*8/7/92*
*cc: QUINN, ESQ*
*FRIEDMAN - STRIKE FORCE*
*2cc: USM*
*PROBATION*
*PRE-TRIAL*

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district.
  ☐ at _____ a.m. / p.m. on _____.
  ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States marshal.
  ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____

_____ five (5) years _____

    While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[X] The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

[X] The defendant shall not possess a firearm or destructive device.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.